IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEROME DURRELL AKLES,

        Petitioner,

   v.

BRANDON KELLY, et al.,

        Respondents.

Case No. 6:19-cv-00986-SI

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
James M. Aaron, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondents

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging a 2016 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") to defer his release to parole by 24 months. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In 1988, Petitioner was convicted in Multnomah County of Burglary in the First Degree resulting in an indeterminate sentence of 20 years. The following year, he was convicted in Multnomah County of Rape in the First Degree, Robbery in the First Degree, and Assault in the Second Degree and sentenced to an aggregate indeterminate sentence of 50 years, with a minimum term of 25 years, to be served consecutively to the 20-year sentence from 1988.

In its first Board Action Form ("BAF"), the five Board members unanimously "unsummed" Petitioner's sentences, a procedure the Board employed in cases involving consecutive indeterminate sentences to establish a projected parole date. The Oregon Court of Appeals explained the process this way:

> When a prisoner was convicted of more than one crime and sentenced to consecutive terms of imprisonment, the Board set the prison term and, thus, the initial parole release date, by summing the guideline ranges of each crime. The Board could, however, vote to "unsum" the guideline ranges, which had the effect of treating the ranges as concurrent.

2 – OPINION AND ORDER

S*every v. Bd. of Parole*, 118 Or. App. 585, 588-89, 848 P.2d 1214, 1216, *aff'd*, 318 Or. 172, 864 P.2d 368 (1993) (citations and footnotes omitted).

In Petitioner's case, BAF #1 reflects that the Board voted to "UNSUM ALL CS RANGES FOR AN UNSUMMED RANGE OF 90 TO 130 MONTHS, FINDING (A) CONSECUTIVE SENTENCES ARE NOT APPROPPRIATE PENALTIES FOR THE CRIMINAL OFFENSES INVOLVED; AND (B) THE COMBINED TERMS OF IMPRISONMENT ARE NOT NECESSARY TO PROTECT THE COMMUNITY SECURITY." Respondents' Exhibit 103, p. 24. As a result of the unsumming, the Board set an initial release date for 1998. However, in 1997 it determined that Petitioner had a present severe emotional disturbance that rendered him a danger to the community. As a result, it deferred his release for 24 months. Respondents' Exhibit 103, pp. 34-36. It similarly deferred his release every two years until 2006 when it released him to parole, which it revoked two months later. *Id* at 55-61. The Board paroled Petitioner and revoked his parole three more times in 2009, 2014, and 2016, respectively. *Id* at 66-77, 80-82, 152-53.

Following the 2016 revocation, the Board established a new projected release date for Petitioner in 2018. He took an administrative appeal wherein he argued that when the Board unsummed his sentences in BAF #1, it effectively converted his consecutive sentences to concurrent sentences. He concluded that based upon the unsumming as well as the Board's inability under Oregon law to resurrect the consecutive nature of his sentences,

3 – OPINION AND ORDER

his sentences necessarily expired years ago such that the Board lacked jurisdiction over him. Respondents' Exhibit 103, pp. 228-35.

The Board denied his request for administrative relief and determined that "[t]he unsumming of the consecutive sentences for the purpose of establishing a prison term has nothing to do with the consecutive sentences imposed by the court." *Id* at 242. Petitioner appealed, arguing that the Board's unsumming of his sentences in 1990 necessarily caused his sentences to expire in 2009. The Oregon Court of Appeals affirmed the Board's administrative denial without issuing a written opinion, and the Oregon Supreme Court denied review. *Akles v. Board of Parole and Post-Prison Supervision,* 295 Or. App. 668, 434 P.3d 38, *rev. denied*, 364 Or. 749, 441 P.3d 582 (2019).

On June 24, 2019, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case in which he alleges that the Board lost jurisdiction over him when it unsummed his sentences in 1990, and that its continued exercise of jurisdiction over him violates the Eighth and Fourteenth Amendments. Respondents ask the Court to deny relief on the Petition because any challenge to the Board's 1990 unsumming is untimely and, alternatively, because the unsumming did not alter Petitioner's sentence in any way.

## DISCUSSION

According to Petitioner, when the Board unsummed his sentences in 1990, it nullified the consecutive nature of his

sentences as imposed by the trial court. He claims that although Oregon law provided the Board with the authority to unsum his sentences, it did not empower the Board with the ability to later resum those sentences. In this respect, he argues that once the Board unsummed his sentences in 1990, he was subject only to concurrent sentences irrespective of the sentencing court's imposition of consecutive sentences.

Respondents contend that Petitioner is not actually taking issue with the Board's deferral of his parole in 2016, but is instead challenging the Board's purported unsumming and resumming of his sentences that occurred long ago. In this respect, Respondents claim that Petitioner failed to file this challenge within the one-year statute of limitations applicable to habeas corpus cases. 28 U.S.C. § 2244(d)(1)(A) (requiring habeas petitions to be filed within one year of the event to be reviewed).

As noted in the Background of this Opinion, the Board unsummed Petitioner's sentences on January 3, 1990 in Board Action Form #1. Respondents' Exhibit 103, pp. 23-25. In that same Board Action Form, the Board calculated Petitioner's sentence expiration date to be October 26, 2028 and his good-time date as June 27, 2015. *Id* at 23. Thus, even when the Board unsummed Petitioner's sentences, it did not conclude that the sentences would expire in 2009 based upon the unsumming. Because it was apparent from BAF #1 in 1990 that the unsumming did not convert

5 – OPINION AND ORDER

Petitioner's sentences to concurrent sentences as he argues, this was the decision which triggered the initiation of the one-year statute of limitations. *See Mardesich v. Cate,* 668 F.3d 1164, 1172 (9th Cir. 2012). Because the Board issued BAF #1 almost 30 years before Petitioner filed this habeas corpus case, Petitioner's challenge is untimely.

Even if Petitioner had timely filed this case, his Eighth and Fourteenth Amendment claims necessarily rely on his understanding that the Board had the ability to convert his consecutive sentences to concurrent sentences. This is not the case. The Oregon Supreme Court directly addressed this issue and concluded that "the Board was authorized, not to 'unsum' *sentences,* but to 'unsum' *terms of imprisonment set by the Board* pursuant to the ranges established for the offenses." *Severy v. Board of Parole*, 318 Or. 172, 179 (1993) (italics in original). This state-court interpretation of state law is not subject to re-examination by a federal habeas corpus court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Where the Board did not alter Petitioner's sentences, the Oregon Court of Appeals' decision to deny relief on his Eighth and Fourteenth Amendment claims was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d). For all of these reasons, habeas corpus relief is not appropriate.

///

///

6 – OPINION AND ORDER

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 15th day of June, 2020.

                                          /s/ Michael H. Simon
                                          Michael H. Simon
                                          United States District Judge